## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRUE RELIGION APPAREL, INC., *et al.,*<br><br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-10941 (CSS)<br><br>(Jointly Administered) |
| STEVEN BALASIANO as Avoidance Actions Trustee of True Religion Avoidance Actions Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Trustwave Holdings, Inc<br><br>Defendant. | Adv. Pro. No._____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff, Steven Balasiano, as the avoidance actions trustee (the "Plaintiff" or "Avoidance Actions Trustee") of the True Religion Avoidance Actions Trust (the "Avoidance Trust") as successor in interest to the above-captioned debtors the "Debtors" or the "Company"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Trustwave Holdings, Inc (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges as follows:

**NATURE OF THE CASE**

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property by the Debtors that occurred during the ninety (90) day period prior to the commencement of the

bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers by the Debtors that may have been fraudulent conveyances.

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re: True Religion Apparel, et al.* Case No. 20-10941 (CSS), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b), the Court may enter final orders for matters contained herein.

5.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

6.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

7.      On April 13, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

8.      The Court entered an order for joint administration of these chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Bankr. D.I. No. 54].

9.      On October 6, 2020, the Court confirmed the *Third Amended Joinder Chapter 11 Plan of Reorganization* (the "Plan"), a copy of which is attached as Exhibit A to the Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of True Religion Apparel, Inc. and its Affiliated Debtors [Bankr. D.I. No. 586] (the "Confirmation Order"). The Effective Date of the Plan occurred on October 19, 2020 [Bankr. D.I. No. 611].

10.     Pursuant to Article III, Section A of the Plan, General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full. Plan, Art. III, ¶ A.

11.     The Plan and Confirmation Order approved the establishment of the Avoidance Actions Trust and appointed the Avoidance Actions Trustee to administer the Avoidance Actions Trust Assets pursuant to the Avoidance Actions Trust Agreement.  Under the Avoidance Actions Trust Agreement, the Avoidance Actions Trustee shall, among other things, have the following rights, powers and duties, (i) to hold, manage, convert the Avoidance Actions Trust Assets to Cash, (ii) in the Avoidance Actions Trustee's reasonable business judgment, to investigate, prosecute, settle and/or abandon the Scheduled Avoidance Actions… Plan Art. XI. ¶ E.

**THE PARTIES**

12.     Pursuant to Bankruptcy Code sections 547, 548, 550, under the Plan, Confirmation Order and Avoidance Actions Trust Agreement, Plaintiff is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action. *See* Plan, Art. XI.

13.    Defendant was, at all relevant times, a vendor or creditor that provided cyber-security services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's reside at 70 W. Madison St.Suite 600, Chicago IL 60602. Plaintiff is informed and believes and, on that basis, alleges that Defendant is a corporation residing in and subject to the laws of the State of Illinois.

**FACTUAL BACKGROUND**

14.    As more fully discussed in the *Declaration of Richard Lynch in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), the Debtors were founded in Los Angeles, California in 2002, and design, market, sell, and distribute premium fashion apparel, centered on its core denim products using the brand names "True Religion" and "True Religion Brand Jeans." First Day Declaration ¶ 6.

15.    The Debtors financial difficulties that led to the decision to file for chapter 11 bankruptcy protection are attributable to a variety of factors. Primarily due to the coronavirus ("COVID-19") global pandemic, the Company was required to close its 87 retail stores and its wholesale business as its wholesale customers' stores were also required to close. The closings caused a sudden and unplanned elimination of approximately 80% of the Company's revenue, making a chapter 11 filing unavoidable. *Id* at 8

16.    As of the Petition Date, in the ordinary course of business, the Debtors operated a cash management system (the "Cash Management System") that involves fourteen (14) main bank accounts and approximately 126 subaccounts for the Debtors' 79 U.S. store locations (collectively, the "Bank Accounts"). *Id* at¶ 48.

17.    The Debtors drew upon the Bank Accounts to pay for their operational costs, including payments to its vendors, suppliers, distributors, and other creditors, including Defendant.

18.    During the ninety (90) days prior to the Petition Date, that is between January 14,

2020 and April 13, 2020 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

19.     Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements").     The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint.  Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements.

20.     One or more of the Debtors made transfers of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $13,387.50 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

21.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period.

22.      During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest in its property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants,

and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may

become known to Plaintiff at any time during this adversary proceeding, through formal discovery

or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

23.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

24.    During the Preference Period, the Debtor(s) identified on Exhibit A made Transfers

to or for the benefit of Defendant in an aggregate amount not less than $13,387.50 See Exhibit A.

25.    Each Transfer was made from one or more of the Debtors, and constituted transfers

of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

26.    Defendant was a creditor at the time of each Transfer by virtue of supplying the

Debtor(s) identified on Exhibit A goods and/or services identified in this Complaint and in the

Agreements, as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on

Exhibit A were obligated to pay following delivery in accordance with the Agreements.   See

Exhibit A.

27.    Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C.

§ 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by

Debtor(s) identified on Exhibit A to Defendant. *See* Exhibit A.

28.    Each Transfer was made for, or on account of, an antecedent debt or debts owed by

the Debtor(s) identified on Exhibit A to Defendant before such Transfers were made, as asserted

by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim"

(as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the

transferring Debtor(s) as set forth on Exhibit A hereto. *See* Exhibit A.

29.    Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

30.    Each Transfer was made during the Preference Period, as set forth on Exhibit A.

31.    As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy cases as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estate.  In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

32.    Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

33.    To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by one Debtor without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor transferor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A.    The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.    The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C.    The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

34.    Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

35.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.  Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

36.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

37.    Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

38.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

39.    Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

40.    Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

41.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

42.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A.     On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.     Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 11, 2022

    */s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Steven Balasiano as Avoidance*
*Actions Trustee of True Religion Avoidance*
*Actions Trust*